


04/11/2012

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **ROBERT MICHAEL HORNE** | § | Case No. 10-42625 |
| xxx-xx-6871 | § | |
| | § | |
| Debtor | § | Chapter 7 |

| | | |
|---|---|---|
| ALAN BAU INVESTMENTS, etal. | § | |
| | § | |
| Plaintiffs | § | |
| | § | Adversary No. 10-4239 |
| v. | § | |
| | § | |
| ROBERT MICHAEL HORNE | § | |
| | § | |
| Defendant | § | |

NOT FOR PUBLICATION

**MEMORANDUM OF DECISION[1]**

This matter came before the Court for trial of the complaint asserted by the Plaintiffs, Alan Bau Investments, A & L Abatement, LLC, A-Pal Offices and Office Services, Construction Systems, Inc., Fax Source, Inc., L.B. Bookkeeping and Payroll Services, Inc., Philip R. Cockerille, P.C., Evette J. Goldstein d/b/a Pretty Writing.Com, Glynda B. Rupp, Frank J. Dexter d/b/a Colorado Plumbing and Heating Co., Principia Mathematica, Inc., and William Franklin d/b/a Stix Income Tax Service (collectively, the "Plaintiffs"), which seek a determination of whether a debt allegedly owed to them by the Defendant-Debtor, Robert Michael Horne ("Debtor") is excepted from discharge pursuant

[1] This Memorandum of Decision is not designated for publication and shall not be considered as precedent, except under the respective doctrines of claim preclusion, issue preclusion, the law of the case or as to other evidentiary doctrines applicable to the specific parties in this proceeding.

to 11 U.S.C. §523(a)(6). At the conclusion of the trial, the Court took the matter under advisement. The following memorandum of decision disposes of all issues pending before the Court.[2]

*Factual and Procedural Background*

This case is in an unusual posture. The Plaintiffs hold a default judgment issued by a Colorado state court against the Debtor-Defendant, Robert Michael Horne ("Horne"), and a company, the Logo and Shirt Company, L.L.C., in which he owns an ownership interest. The Colorado default judgment is based upon asserted violations of the Telephone Consumer Protection Act ("the TCPA"), 42 U.S.C. § 227,[3] that also constitutes a deceptive trade practice under Colorado state law under the Colorado Consumer Protection Act, COLO. REV. STAT. ANN. § 6-1-702 (West 2005),[4] arising from the Defendants' alleged use of a telephonic facsimile machine to send facsimile advertisements to the Plaintiffs without prior express invitation or permission and without

---

[2] This Court has jurisdiction to consider the complaint pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157(a). The Court has authority to enter a final judgment in this adversary proceeding since it constitutes a core proceeding under 28 U.S.C. §157(b)(2)(I).

[3] Section 227(b) of title 47 provides:

> It shall be unlawful for any person within the United States ... to use any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine[.]

The TCPA provides a private right of action to obtain injunctive relief and/or monetary damages of $500 per violation, which can be trebled if the violations are "willful or knowing." 47 U.S.C. § 227(b)(3) (West 2001).

[4] Ex. 4.

required identifying identification in the header of the facsimile transmission. Mr. Horne was properly served[5] but failed to file an answer or to otherwise make an appearance in the Colorado action. As a result, on April 9, 2009, an "Order Entering Default Judgment as to the Defendants The Logo and Shirt Company, L.L.C. and Robert M. Horne" was entered by the state district court in and for Arapahoe County, Colorado against Horne for an aggregated amount of $230,270.31 and the Colorado judgment was later domesticated in Texas.[6] This was not the first judgment that had been issued against Horne and his family of companies for similar-type TCPA violations.[7]

On August 4, 2010, Horne filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the Bankruptcy Court for the Eastern District of Texas.[8] That case was assigned to the Honorable Brenda T. Rhoades. Three months later, the Plaintiffs filed a complaint in this adversary proceeding, alleging that the debt arising from the Colorado default judgment should be declared non-dischargeable as a "willful and malicious injury" under 11 U.S.C. §523(a)(6). The Plaintiffs subsequently filed a motion for summary judgment in this case. In denying that motion, in which the Plaintiffs sought

---

[5] Ex. 2.

[6] Ex. 1.

[7] *See, e.g., State of Texas v. American Blastfax, Inc.*, 164 F. Supp. 2d 892 (W.D. Tex. 2001).

[8] The underlying bankruptcy case was assigned to the Hon. Brenda T. Rhoades. This adversary proceeding was later assigned to the undersigned judge on December 22, 2010. See dkt # 4 in this adversary proceeding.

to invoke the principles of issue preclusion from the Colorado judgment, this Court noted that "no-answer default judgments generally do not meet the 'actually litigated' test," and concluded that "the summary judgment evidence submitted by the Plaintiffs fails to demonstrate that the relevant Colorado judgment was anything other than a 'no-answer' default judgment."[9]

At the trial on the merits, no Plaintiffs actually appeared — only their counsel. The Plaintiffs rested after admitting nine exhibits[10] and without calling any witnesses. They submitted the Colorado default judgment as an exhibit but they provided no further evidence regarding the record before the Colorado court or as to the process that resulted in the entry of the Colorado judgment. There is nothing in the record to indicate that the Colorado court actually heard evidence regarding the allegations that resulted in the "findings of fact" that are enumerated in the default judgment.

The Defendant did testify at the trial in his case-in-chief. While acknowledging his ownership interest in The Logo and Shirt Co, L.L.C., and that such company had at times sent faxes to Colorado, as well as acknowledging his involvement in other TCPA cases from other jurisdictions, Mr. Horne denied knowing the identity of the specific Plaintiffs. He denied without contradiction that he was involved in the actual transmission of any facsimile message to the Colorado plaintiffs.

---

[9] See *Order Denying Plaintiffs' Motion for Final Summary Judgment* entered on September 8, 2011 [dkt #19] at p. 2.

[10] Actually, three of the "exhibits" were copies of published court opinions.

*Discussion*

In an action to determine the dischargeability of a debt, the creditor has the burden of proof under a preponderance of the evidence standard. *Grogan v. Garner*, 498 U.S. 279, 286, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). "Intertwined with this burden is the basic principle of bankruptcy that exceptions to discharge must be strictly construed against a creditor and liberally construed in favor of a debtor so that the debtor may be afforded a fresh start." *FNFS, Ltd. v. Harwood (In re Harwood)*, 637 F.3d 615, 619 (5th Cir. 2011) (citing *Hudson v. Raggio & Raggio, Inc. (In re Hudson))*, 107 F.3d 355, 356 (5th Cir. 1997). Thus, without satisfactory proof of each element of the cause of action pled, judgment must be entered for the debtor.

*Nondischargeability Under §523(a)(6):*
*Debt Arising from Willful and Malicious Injury*

The Plaintiffs' Complaint contends that the debt arising from the Colorado judgment should be excepted from discharge as a debt arising from a willful and malicious injury inflicted upon them by the Debtor-Defendant. Section 523(a)(6) of the Bankruptcy Code provides that:

> (a) A discharge under Section 727 . . . of this title does not discharge an individual debtor from any debt . . .
>
> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

In *Kawaauhau v. Geiger*, 523 U.S. 57 (1998), the United States Supreme Court significantly narrowed the scope of debts that could be deemed nondischargeable under

§523(a)(6). The *Geiger* decision clearly requires that an actor inflict a deliberate or intentional injury, not merely that an actor take a deliberate or intentional act that leads to injury. As subsequently interpreted by the Fifth Circuit, a recovery under §523(a)(6) for a "willful and malicious injury" now requires proof that such injury arose from a deliberate and intentional act by a debtor that was inflicted under circumstances evidencing either: (1) an objective substantial certainty of harm; or (2) a subjective motive to cause harm. *Miller v. J. D. Abrams, Inc. (In re Miller)*, 156 F.3d 598, 606 (5th Cir. 1998), *cert. denied*, *Miller v. J.D. Abrams, Inc.*, 526 U.S. 1016 (1999); *see also Caton v. Trudeau (In re Caton)*, 157 F.3d 1026, 1029 (5th Cir. 1998).

Given the proceedings at trial, the record is insufficient for the Plaintiffs to sustain their burden of proof in this dischargeability action unless they can establish the requisite elements through the principles of issue preclusion. Since the Plaintiffs have elected to rely upon the factual findings contained in the Colorado default judgment, the Colorado law of issue preclusion applies. Under Colorado law, a party is collaterally estopped from relitigating an issue if:

> (1) the issue sought to be precluded is identical to an issue actually determined in the prior proceeding;
> (2) the party against whom estoppel is asserted has been a party to or is in privity with a party to the prior proceeding;
> (3) there is a final judgment on the merits in the prior proceeding; and
> (4) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding.
>
> Only when each of these elements has been satisfied are the equitable purposes of the doctrine furthered by issue preclusion.

*Palu v. Toney (In re Toney)*, 2011 WL 2560249, at * 4 (Bankr. D. Colo., June 27, 2011)

(*citing Sunny Acres Villa, Inc. v. Cooper,* 25 P.3d 44, 47 (Colo. 2001). The Plaintiffs bear the burden of establishing each element in order to show that collateral estoppel applies. *Baker v. Seriki (In re Seriki)*, 2012 WL 266926, at *2 (Bankr. D. Colo., Jan. 30, 2012). There really is no dispute that the first three elements have been met in this case. The fourth element, however, is more problematic. As the recent *Seriki* decision noted:

> Although the general rule in Colorado is to give preclusive effect to default judgments, this principle still contains the caveat that the issues precluded must have been actually litigated. Actual litigation does not necessitate a full trial, but a full and fair opportunity for the defendant to present his case. This requires evidence that *the parties engaged in a meaningful assessment of the facts and then the defendant made a conscious choice not to contest the entry of judgment.* Additionally, to be actually litigated the issue must be raised by a party through an appropriate pleading or tried with the consent of the parties, *it must be submitted to the prior tribunal for determination, and it must be determined by that tribunal*. Finally, in a dischargeability proceeding, it is especially important that the judge look at the entire record from the state court action to ensure that all issues given preclusive effect have been actually litigated and presented.

*Id.* (emphasis added) (internal citations and quotations omitted). This means that "Colorado courts would not apply collateral estoppel to a default judgment when the debtor did not defend at all because the underlying issues would not actually be litigated. ... Rather, a default judgment may be given preclusive effect when the debtor participates in pretrial proceedings and the issues are fully decided on the merits through the pleadings and discovery." *Elletson v. Riggle (In re Riggle)*, 389 B.R. 167, 174 (Bankr. D. Colo. 2007). As that court observed, "[t]he bankruptcy court should look beyond the

state judgment to the entire record from the state proceeding to ensure that all issues given preclusive effect have been actually litigated and presented." *Id.* at 175. In reminding us that plaintiffs "have the burden of bringing forth an adequate state-court record," *Id.* at 176, the *Riggle* court denied the application of collateral estoppel to a "no-answer" default judgment, finding that "[a]lthough the state judgment appears to make findings of fact, it is clear from the record that these findings were not based on the court's meaningful assessment of the facts or a weighing of actual evidence." *Id.*

Thus, the Colorado approach in determining whether "no-answer" default judgments can be used for collateral estoppel purposes is very similar to that implemented by the Fifth Circuit in reviewing Texas "no-answer" default judgments under which "a reviewing court is required to fully investigate a record and to determine if a default judgment should have preclusive effect," *Harrison v. Kiwi Services, Inc. (In re Harrison),* 180 Fed. Appx. 485, 488 (5th Cir. 2006), and under which collateral estoppel is rejected without the presentation of a record that establishes that the state court conducted a hearing at which the plaintiff meets his evidentiary burden. *Pancake v. Reliance Ins. Co. (In re Pancake),* 106 F.3d 1242, 1244-45 (5th Cir.1997); *Chizk v. Ramon (In re Ramon),* 433 B.R. 571, 584 (Bankr. N.D. Tex. 2010) [holding that, in order for collateral estoppel to be properly applied to a default judgment, "enough of the prior court's record must be presented to the bankruptcy court for it to make a determination that a trial or hearing was

conducted at which the plaintiff met his or her burden of proof"].

Notwithstanding the clear directive by the Court in its denial of the Plaintiffs' summary judgment motion that collateral estoppel could not be applied unless something more than a "no-answer" default judgment was demonstrated, the Plaintiffs have wholly failed to provide a record arising from the Colorado action or to provide an additional evidentiary foundation from which this Court could conclude that the Colorado judgment arose from a "meaningful assessment of the facts or a weighing of actual evidence" by the Colorado court. Without such a record, the Court is compelled to conclude that the so-called facts outlined in the Colorado judgment were not "fully and fairly litigated," and that, therefore, the principles of collateral estoppel cannot be utilized under Colorado law to establish the existence of any facts in this proceeding.

With the Plaintiffs essentially having waived the opportunity at trial to bring evidentiary support for their claims, the Plaintiffs have failed to demonstrate by a preponderance of the evidence the existence of a deliberate or intentional injury inflicted upon them by the Debtor-Defendant, and they have additionally failed to demonstrate by a preponderance of the evidence that the actions of the Debtor-Defendant created an objective substantial certainty of harm to them. Thus, the Plaintiffs have failed to sustain their burden of proof that any purported debt arose from a "willful and malicious injury" as contemplated by §523(a)(6). That is a result that disturbs the Court somewhat.

However, while it seems evident that Mr. Horne has engaged in behavior in other instances that has violated the TCPA and while he may not be a sympathetic figure, the requirement that an exception to discharge exists must be protected. A burden of proof must be properly sustained in a dischargeability action, even against unsympathetic individuals whom we suspect of improper behavior. Accordingly, because the Court concludes that the Plaintiffs have failed to prove this cause of action by a preponderance of the evidence, judgment must be rendered for the Debtor-Defendant in this action.

This memorandum of decision constitutes the Court's findings of fact and conclusions of law[11] pursuant to Fed. R. Civ. P. 52, as incorporated into adversary proceedings in bankruptcy cases by Fed. R. Bankr. P. 7052. An appropriate judgment shall be entered which is consistent with these findings and conclusions.

Signed on 04/11/2012

THE HONORABLE BILL PARKER
UNITED STATES BANKRUPTCY JUDGE

[11] To the extent that any finding of fact is construed to be a conclusion of law, it is hereby adopted as such. To the extent any conclusion of law is construed to be a finding of fact, it is hereby adopted as such. The Court reserves the right to make additional findings and conclusions as necessary or as may be requested by any party.